UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND

and

BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND,

        Plaintiffs,

v.

CIA CURTIS INTERNATIONAL ASSOCIATES
OF BOSTON, INC.,

        Defendant.

Civil Action No. 07 CV 10330 (NRB)

# COMPLAINT

## Introduction

1. This is an action for declaratory and injunctive relief requiring defendant to pay delinquent contributions owed to plaintiff American Federation of Musicians and Employers' Pension Fund ("Pension Fund") and to furnish information to the Pension Fund that is needed to determine whether defendant has fully complied with its obligation to make contributions to the Pension Fund on behalf of its employees.

2. This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. (hereinafter "ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) (hereinafter "LMRA").

## Jurisdiction and Venue

3. The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4.  Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Pension Fund is administered.

## Parties

5.  Plaintiff American Federation of Musicians and Employers' Pension Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). Plaintiff Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. Plaintiff Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6.  Plaintiff members of the Board of Trustees of the American Federation of Musicians and Employers' Pension ("Pension Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7.  All plaintiffs maintain their principal place of business at One Penn Plaza, Suite 3115, New York, New York 10119.

8.  Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9.  Defendant CIA Curtis International Associates of Boston, Inc. ("Curtis") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

10. Defendant is a Massachusetts corporation doing business primarily in the greater Boston area. Upon information and belief, defendant maintains its principal office at 1001 Central Avenue, Needham MA 02192.

Statement of Claims

Background Facts

11. At all relevant times, Curtis was party to a series of successive one year collective bargaining agreements, effective from April 1 of one year through May 31 of the following year, with the Boston Musicians' Association, Local 9-535, American Federation of Musicians ("Union"), covering musicians employed by the Curtis "(Agreement)".

12. Each Agreement is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

13. At all times relevant to this action, Article IV of the Agreement required Curtis to make contributions to the Pension Fund on behalf of covered musicians for each engagement at a stated percentage of the musicians' wages.

14. The Agreement further provides that Curtis agrees to accept and be bound by the provisions of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

COUNT I

(FAILURE TO SUBMIT COMPLETE AND ACCURATE REMITTANCE REPORTS)

15. Article VI of the Agreement requires Curtis to remit contributions to the Pension Fund quarterly, together with information regarding the covered musicians' work for which the contributions are due.

16. At all times relevant to this action, the Trust Agreement has provided that an employer must provide remittance forms to the Pension Fund along with its contributions and that such forms will include (among other

information) employees' names, addresses, social security numbers, engagement dates, wages and contribution amounts. The language of this provision has been amended from time to time. The current language of Article 9, Section 9.8 of the Trust Agreement states in pertinent part that:

> (a)  All contributions must be accompanied by a remittance report form that includes the name of the Employer, the name, address and phone number of the payor, if different (*e.g.*, payroll company, affiliated entity), as well as all Employee first and last names, addresses, social security numbers, type of engagement(s) (*e.g.*, name of applicable Collective Bargaining Agreement and indication of original use, new use or re-use of recording), description of engagement(s) (e.g., title of show, commercial, jingle or song and location of engagement), all engagement date(s), "scale wage" and contribution amount(s) and such other information as the Board may elect to prescribe in the future.  The Employer shall submit to the Fund separate remittance or other reports for each type of engagement.
>
> (b)  If contributions due the Fund are not accompanied by a remittance form containing all of the information set forth in subsection (a) above, the Fund may assess a fee from the Employer in its sole discretion in an amount that the Audit Committee [of the Board of Trustees prescribes for each day following the contribution due date for which the remittance report is incomplete or not received by the Fund.

17.  The Pension Fund requires remittance information, including employees' names, social security numbers and wages, so that it can provide proper credit to the employees towards vesting and benefits based upon the contributions made on their behalf.

18.  Prior to approximately April 15, 2005, reporting engagements occurring through May 2003, Curtis remitted contributions based upon wages that it represented had actually been paid to covered musicians. Along with those contributions, Curtis submitted remittance reports reflecting the musicians' names, Social Security numbers, date, place and type of

4

engagement, amount of actual wages paid and amount of contributions due on those wages.

19. Commencing in or around April 16, 2005, reporting engagements occurring after September 2004, Curtis began submitting remittance reports that reflected estimated, rather than actual, wages and contributions. Specifically, Curtis reported wages to musicians for each covered engagement in the aggregate amount of $1,200.00 ($300 each for two musicians and $150 each for four musicians), on which $120.00 in total contributions was due ($30 each for two musicians and $15 each for four musicians).

20. Curtis representatives advised the Pension Fund that, due to corrupted database files, Curtis was unable to remit contributions and remittance reports that reflected wages actually paid for covered engagements and contributions actually due on those engagements.

21. Without Curtis' complete and accurate remittance reports that reflect wages actually paid to covered musicians, the Pension Fund cannot determine the proper contributions that are due on behalf of the musicians it employs and for which the musicians receive credit towards pension vesting and benefits.

22. Defendant's failure and refusal to submit the required remittance reports to the Pension Fund is a direct breach of its obligations under the collective bargaining agreement and under the Trust Agreement, and is a violation of Section 301 of the LMRA, 29 U.S.C. § 185(a), and Sections 209(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1059(a)(2) and 1132(a)(3).

23. Under Section 301 of the LMRA, 29 U.S.C. § 185(a), and Sections 209(a)(2) and 502(g)(1) of ERISA, 29 U.S.C. §§ 1059 (a)(2) and 1132(g)(1), plaintiffs are entitled to an order requiring defendant to provide complete and accurate remittance reports, and to an award of reasonable attorneys' fees and costs of this action.

## COUNT II

(FAILURE TO PAY DELINQUENT CONTRIBUTIONS)

24. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 14.

25. Article VI of the Agreement requires Curtis to pay the applicable pension percentage of applicable wages earned by each covered musician by one separate check remitted quarterly.

26. The Trust Agreement specifies the date on which employer contributions are due. Article IX, Section 9.4 of the current Trust Agreement provides as follows, in relevant part:

> (a) Employer contributions to the Trust Fund are due no later than:
>
> (1) with respect to contributions due under any National Collective Bargaining Agreement, or any other Collective Bargaining Agreement that becomes effective before June 1, 2005:
>
> (a) the due date for such contributions as set forth in the applicable Collective Bargaining Agreements, but no later than the last day of the month immediately following the calendar quarter in which the Covered Employee perform the services for which such contributions are due and payable to the Trust Fund . . .
>
> (2) with respect to contributions due under any Collective Bargaining Agreement, other than a National Collective Bargaining Agreement, that becomes effective on or after June 1, 2005 (or that become effective earlier, but are renewed or extended effective on or after that date), the last day of the calendar month immediately following the calendar month in which the Covered Employee performed the services for which such contributions are due and payable to the Trust Fund . . .

27. At all relevant times, Section 9.4 (or its predecessor provision) of the Trust Agreement has provided that an employer that is

6

delinquent in paying contributions to the Pension Fund is liable for interest on the unpaid contributions and also for all costs and expenses incurred by the Pension Fund in collecting the contributions, including attorneys' fees and court costs.

28. At all relevant times, Section 9.6 (or its predecessor provision) of the Trust Agreement has provided that if, in an action to collect delinquent contributions, judgment is awarded in favor of the Pension Fund or the Board of Trustees, the employer also is liable for liquidated damages in an amount equal to the greater of interest on the unpaid contributions or twenty percent of the unpaid contributions.

29. Based upon the estimated remittance reports submitted by Curtis, the Pension Fund calculated and billed defendant for $5,000 in estimated contributions due for engagements under the Agreements from January 1, 2005 through May 31, 2005. Despite the Pension Fund's repeated demands, defendant has failed and refused to pay these estimated contributions and is delinquent in its contribution obligation to the Pension Fund.

30. As of July 31, 2007 interest on defendant's unpaid estimated contributions was $672.19. Despite the Pension Fund's repeated demands for payment, defendant has failed and refused to pay the interest due on its delinquent contributions.

31. Defendant's failure to pay required contributions and interest due is a breach of its obligations under the Agreements and the Trust Agreement, and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

32. Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Pension Fund and its Board of Trustees to pay the full amount of its delinquent

contributions and the interest accrued interest under the Trust Agreement, plus liquidated damages.

33. Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Pension Fund and its Board of Trustees to pay plaintiffs' attorneys' fees and the cost of this action. Plaintiffs are also entitled under Sections 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E), to such other legal or equitable relief as the court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that CIA Curtis International Associates of Boston, Inc.'s failure and refusal to provide complete and accurate remittance reports, reflecting actual wages paid and actual contributions due on those wages, to the Pension Fund with respect to certain of CIA Curtis International Associates of Boston, Inc.'s engagements violates CIA Curtis International Associates of Boston, Inc.'s obligations under the Agreements and the Trust Agreement, and under Section 209(a)(2) of ERISA, 29 U.S.C. § 1059(a)(2);

2. Order CIA Curtis International Associates of Boston, Inc. to provide to the Pension Fund access to audit the books and records of Curtis to determine complete and accurate remittance reports for the period commencing January 1, 2004, reflecting actual wages paid to covered musicians for engagements with respect to CIA Curtis International Associates of Boston, Inc.'s engagements from 2005 through 2006 and the actual contributions due on those wages;

3. Declare that CIA Curtis International Associates of Boston, Inc. is delinquent in its contributions to the Pension Fund pursuant to the Agreements from June 1, 2005 through May 31, 2006;

4. Enter judgment in the full amount of the delinquent contributions CIA Curtis International Associates of Boston, Inc. owes to the Pension Fund

for the period June 1, 2005 through May 31, 2006, together with interest to the date of judgment, liquidated damages, attorneys' fees and costs as required under the Agreements, the Trust Agreement and ERISA, 29 U.S.C. §1132(g)(2); and

      5. Order such other legal and equitable relief as the Court may deem just and proper.

                                Respectfully submitted,

                                MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
                                Patricia McConnell (PM 1861)
                                1350 Broadway, Suite 501
                                New York, New York 10018-0822
                                (212) 239-4999
                                pmcconnell@msek.com

                                Attorneys for Plaintiffs

Dated: New York, New York
          November 14, 2007

85895v.1