UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND and
BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND EMPLOYERS'
PENSION FUND,

07 CIV. 10330 (NRB)

            Plaintiffs,

**AFFIDAVIT
IN SUPPORT OF
APPLICATION FOR
DEFAULT JUDGMENT
AGAINST DEFENDANT**

        V.

CIA CURTIS INTERNATIONAL ASSOCIATES OF
BOSTON, INC.,

            Defendant.

─────────────────────────────────

State of New York   )
                    )ss.:
County of New York  )

        Patricia McConnell, being duly sworn, deposes and

says:

        1.    I am a member of Meyer, Suozzi, English & Klein,

P.C., attorneys for plaintiffs herein.  I make this affidavit in

support of plaintiffs' application, pursuant to Rule 55(b)(2) of

the Federal Rules of Civil Procedure, for entry of a judgment by

default against defendant.

        2.    This is an action by an employee benefit fund and

its trustees for declaratory and injunctive relief requiring

defendant to pay delinquent contributions owed to plaintiff

American Federation of Musicians and Employers' Pension Fund ("Pension Fund"), to permit an audit of its books and records to determine whether defendant has fully complied with its obligation to make contributions to the Pension Fund on behalf of its employees and to require defendant to submit complete and accurate remittance reports regarding engagements performed by musicians employed by defendant.

3.    The Clerk's original Certificate of Default, dated February 18, 2008, is annexed as Exhibit "A".

4.    A copy of the complaint, which was filed on November 14, 2007 and served upon defendant on December 3, 2007, is annexed hereto as Exhibit "B".

5.    A proposed form of default judgment is annexed hereto as Exhibit "C."

WHEREFORE, plaintiffs request that this Court direct entry of a judgment of default in favor of plaintiffs and against defendant.

Patricia McConnell

Sworn to before me this 22nd
day of February, 2008

Notary Public

BARBARA KAPPOCK
Notary Public, State Of New York
No. 01-4719234
Qualified In New York County
Commission Expires April 30, 20 __

- 2 -

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND and
BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND EMPLOYERS'
PENSION FUND,

                       07 CIV. 10330 (NRB)

                 Plaintiffs,

                      **CERTIFICATE OF DEFAULT**

        V.

CIA CURTIS INTERNATIONAL ASSOCIATES OF
BOSTON, INC.,

               Defendant.

---

    I, J. MICHAEL MCMAHON, Clerk of the United States District
Court for the Southern District of New York, do hereby certify:
that this action commenced on November 14, 2008 with the filing
of a summons and complaint; copies of the summons and complaint
were personally served on defendant's authorized agent, John H.
Curtis, at his residence on December 3, 2007; proof of such
service thereof was filed on December 3, 2007.

    I further certify that the docket entries indicate that the
defendant has not filed an answer or otherwise moved with
respect to the complaint herein.  The default of the defendant
is hereby noted.

Dated: New York, New York
      February 13, 2008

                           **J. MICHAEL MCMAHON**
                            Clerk of the Court
                  By: _____
                             Deputy Clerk

92171

**Exhibit B**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND

and

BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND
EMPLOYERS' PENSION FUND,

                Plaintiffs,

      v.

CIA CURTIS INTERNATIONAL ASSOCIATES
OF BOSTON, INC.,

                Defendant.

Civil Action No.

## COMPLAINT

### Introduction

1.    This is an action for declaratory and injunctive relief requiring defendant to pay delinquent contributions owed to plaintiff American Federation of Musicians and Employers' Pension Fund ("Pension Fund") and to furnish information to the Pension Fund that is needed to determine whether defendant has fully complied with its obligation to make contributions to the Pension Fund on behalf of its employees.

2.    This action is brought pursuant to the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1001, et seq. (hereinafter "ERISA"), and § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) (hereinafter "LMRA").

### Jurisdiction and Venue

3.    The Court has jurisdiction of this action under the terms of 29 U.S.C. § 1132, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

4.    Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) because this is the district in which the Pension Fund is administered.

Parties

5.    Plaintiff American Federation of Musicians and Employers' Pension Fund is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  Plaintiff Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(3) of ERISA, 29 U.S.C. §§ 1002(2) and (3), and is maintained for the purpose of providing retirement and related benefits to eligible participants and their beneficiaries. Plaintiff Pension Fund is also a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

6.    Plaintiff members of the Board of Trustees of the American Federation of Musicians and Employers' Pension ("Pension Fund Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

7.    All plaintiffs maintain their principal place of business at One Penn Plaza, Suite 3115, New York, New York 10119.

8.    Plaintiffs bring this action on behalf of themselves and on behalf of Pension Fund participants and beneficiaries pursuant to Sections 502(a)(3)(B) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3)(B) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

9.    Defendant CIA Curtis International Associates of Boston, Inc. ("Curtis") is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Sections 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

10.   Defendant is a Massachusetts corporation doing business primarily in the greater Boston area. Upon information and belief, defendant maintains its principal office at 1001 Central Avenue, Needham MA 02192.

Statement of Claims
Background Facts

11.   At all relevant times, Curtis was party to a series of successive one year collective bargaining agreements, effective from April 1 of one year through May 31 of the following year, with the Boston Musicians' Association, Local 9-535, American Federation of Musicians ("Union"), covering musicians employed by the Curtis "(Agreement").

12.   Each Agreement is a contract between an employer and labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and a collectively bargained agreement within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145.

13.   At all times relevant to this action, Article IV of the Agreement required Curtis to make contributions to the Pension Fund on behalf of covered musicians for each engagement at a stated percentage of the musicians' wages.

14.   The Agreement further provides that Curtis agrees to accept and be bound by the provisions of the Pension Fund's Agreement and Declaration of Trust ("Trust Agreement").

COUNT I

(FAILURE TO SUBMIT COMPLETE AND ACCURATE REMITTANCE REPORTS)

15.   Article VI of the Agreement requires Curtis to remit contributions to the Pension Fund quarterly, together with information regarding the covered musicians' work for which the contributions are due.

16.   At all times relevant to this action, the Trust Agreement has provided that an employer must provide remittance forms to the Pension Fund along with its contributions and that such forms will include (among other

3

information) employees' names, addresses, social security numbers, engagement dates, wages and contribution amounts. The language of this provision has been amended from time to time. The current language of Article 9, Section 9.8 of the Trust Agreement states in pertinent part that:

> (a)    All contributions must be accompanied by a remittance report form that includes the name of the Employer, the name, address and phone number of the payor, if different (*e.g.*, payroll company, affiliated entity), as well as all Employee first and last names, addresses, social security numbers, type of engagement(s) (*e.g.*, name of applicable Collective Bargaining Agreement and indication of original use, new use or re-use of recording), description of engagement(s) (e.g., title of show, commercial, jingle or song and location of engagement), all engagement date(s), "scale wage" and contribution amount(s) and such other information as the Board may elect to prescribe in the future. The Employer shall submit to the Fund separate remittance or other reports for each type of engagement.

> (b)    If contributions due the Fund are not accompanied by a remittance form containing all of the information set forth in subsection (a) above, the Fund may assess a fee from the Employer in its sole discretion in an amount that the Audit Committee [of the Board of Trustees prescribes for each day following the contribution due date for which the remittance report is incomplete or not received by the Fund.

17.    The Pension Fund requires remittance information, including employees' names, social security numbers and wages, so that it can provide proper credit to the employees towards vesting and benefits based upon the contributions made on their behalf.

18.    Prior to approximately April 15, 2005, reporting engagements occurring through May 2003, Curtis remitted contributions based upon wages that it represented had actually been paid to covered musicians. Along with those contributions, Curtis submitted remittance reports reflecting the musicians' names, Social Security numbers, date, place and type of

4

engagement, amount of actual wages paid and amount of contributions due on those wages.

19.    Commencing in or around April 16, 2005, reporting engagements occurring after September 2004, Curtis began submitting remittance reports that reflected estimated, rather than actual, wages and contributions.  Specifically, Curtis reported wages to musicians for each covered engagement in the aggregate amount of $1,200.00 ($300 each for two musicians and $150 each for four musicians), on which $120.00 in total contributions was due ($30 each for two musicians and $15 each for four musicians).

20.    Curtis representatives advised the Pension Fund that, due to corrupted database files, Curtis was unable to remit contributions and remittance reports that reflected wages actually paid for covered engagements and contributions actually due on those engagements.

21.    Without Curtis' complete and  accurate remittance reports that reflect wages actually paid to covered musicians, the Pension Fund cannot determine the proper contributions that are due on behalf of the musicians it employs and for which the musicians receive credit towards pension vesting and benefits.

22.    Defendant's failure and refusal to submit the required remittance reports to the Pension Fund is a direct breach of its obligations under the collective bargaining agreement and under the Trust Agreement, and is a violation of Section 301 of the LMRA, 29 U.S.C. § 185(a), and Sections 209(a)(2) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1059(a)(2) and 1132(a)(3).

23.    Under Section 301 of the LMRA, 29 U.S.C. § 185(a), and Sections 209(a)(2) and 502(g)(1) of ERISA, 29 U.S.C.  §§ 1059 (a)(2) and 1132(g)(1),  plaintiffs are entitled to an order requiring defendant to provide complete and accurate remittance reports, and to an award of reasonable attorneys' fees and costs of this action.

COUNT II

(FAILURE TO PAY DELINQUENT CONTRIBUTIONS)

24.   Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 14.

25.   Article VI of the Agreement requires Curtis to pay the applicable pension percentage of applicable wages earned by each covered musician by one separate check remitted quarterly.

26.   The Trust Agreement specifies the date on which employer contributions are due.  Article IX, Section 9.4 of the current Trust Agreement provides as follows, in relevant part:

> (a)   Employer contributions to the Trust Fund are due no later than:
>
> (1)   with respect to contributions due under any National Collective Bargaining Agreement, or any other Collective Bargaining Agreement that becomes effective before June 1, 2005:
>
> (a) the due date for such contributions as set forth in the applicable Collective Bargaining Agreements, but no later than the last day of the month immediately following the calendar quarter in which the Covered Employee perform the services for which such contributions are due and payable to the Trust Fund . . .
>
> (2)   with respect to contributions due under any Collective Bargaining Agreement, other than a National Collective Bargaining Agreement, that becomes effective on or after June 1, 2005 (or that become effective earlier, but are renewed or extended effective on or after that date), the last day of the calendar month immediately following the calendar month in which the Covered Employee performed the services for which such contributions are due and payable to the Trust Fund . . .

27.   At all relevant times, Section 9.4 (or its predecessor provision) of the Trust Agreement has provided that an employer that is

6

delinquent in paying contributions to the Pension Fund is liable for interest on the unpaid contributions and also for all costs and expenses incurred by the Pension Fund in collecting the contributions, including attorneys' fees and court costs.

28.    At all relevant times, Section 9.6 (or its predecessor provision) of the Trust Agreement has provided that if, in an action to collect delinquent contributions, judgment is awarded in favor of the Pension Fund or the Board of Trustees, the employer also is liable for liquidated damages in an amount equal to the greater of interest on the unpaid contributions or twenty percent of the unpaid contributions.

29.    Based upon the estimated remittance reports submitted by Curtis, the Pension Fund calculated and billed defendant for $5,000 in estimated contributions due for engagements under the Agreements from January 1, 2005 through May 31, 2005. Despite the Pension Fund's repeated demands, defendant has failed and refused to pay these estimated contributions and is delinquent in its contribution obligation to the Pension Fund.

30.    As of July 31, 2007 interest on defendant's unpaid estimated contributions was $672.19. Despite the Pension Fund's repeated demands for payment, defendant has failed and refused to pay the interest due on its delinquent contributions.

31.    Defendant's failure to pay required contributions and interest due is a breach of its obligations under the Agreements and the Trust Agreement, and is a violation of Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

32.    Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Pension Fund and its Board of Trustees to pay the full amount of its delinquent

7

contributions and the interest accrued interest under the Trust Agreement, plus liquidated damages.

33.    Under the Trust Agreement, under ERISA, 29 U.S.C. §§1132(9)(2) and 1145, and under LMRA §301, defendant is obligated to the Pension Fund and its Board of Trustees to pay plaintiffs' attorneys' fees and the cost of this action.  Plaintiffs are also entitled under Sections 502(g)(2)(E) of ERISA, 29 U.S.C. §1132(g)(2)(E), to such other legal or equitable relief as the court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that CIA Curtis International Associates of Boston, Inc.'s failure and refusal to provide complete and accurate remittance reports, reflecting actual wages paid and actual contributions due on those wages, to the Pension Fund with respect to certain of CIA Curtis International Associates of Boston, Inc.'s engagements violates CIA Curtis International Associates of Boston, Inc.'s obligations under the Agreements and the Trust Agreement, and under Section 209(a)(2) of ERISA, 29 U.S.C. § 1059(a)(2);

2. Order CIA Curtis International Associates of Boston, Inc. to provide to the Pension Fund access to audit the books and records of Curtis to determine complete and accurate remittance reports for the period commencing January 1, 2004, reflecting actual wages paid to covered musicians for engagements with respect to CIA Curtis International Associates of Boston, Inc.'s engagements from 2005 through 2006 and the actual contributions due on those wages;

3. Declare that CIA Curtis International Associates of Boston, Inc. is delinquent in its contributions to the Pension Fund pursuant to the Agreements from June 1, 2005 through May 31, 2006;

4. Enter judgment in the full amount of the delinquent contributions CIA Curtis International Associates of Boston, Inc. owes to the Pension Fund

for the period June 1, 2005 through May 31, 2006, together with interest to the date of judgment, liquidated damages, attorneys' fees and costs as required under the Agreements, the Trust Agreement and ERISA, 29 U.S.C. §1132(g)(2); and

     5. Order such other legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

By: _____
    Patricia McConnell (PM 1861)
    1350 Broadway, Suite 501
    New York, New York 10018-0822
    (212) 239-4999
    pmcconnell@msek.com

Attorneys for Plaintiffs

Dated:  New York, New York
       November 14, 2007

85895v.1

9

**Exhibit C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND and
BOARD OF TRUSTEES OF THE AMERICAN
FEDERATION OF MUSICIANS AND EMPLOYERS'
PENSION FUND,

                    Plaintiffs,

              V.

CIA CURTIS INTERNATIONAL ASSOCIATES OF
BOSTON, INC.,

                    Defendant.

_____

07 CV. 10330 (NRB)

**DEFAULT JUDGMENT**

        This action having been commenced on November 14, 2007 by the filing of the Complaint and issuance of a Summons, and copies of the Summons and Complaint having been served upon defendant on December 3, 2007, and it further appearing that the above-named defendant has not appeared, answered or made any motion with respect to the Complaint and the time for answering the Complaint or so moving having expired;

        **NOW,** on motion of Meyer, Suozzi, English & Klein, P.C., attorneys for the plaintiffs, and upon the proceedings herein, it is

        **ORDERED, ADJUDGED AND DECREED,** that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have judgment against defendant CIA

-1-

Curtis International Associates Of Boston, Inc., that defendant shall permit and cooperate in an audit by plaintiffs of defendant's books and records as is necessary for plaintiffs to determine the employee benefit fund contributions due from defendant to plaintiffs for the period since January 1, 2004, such audit to be permitted by defendants within thirty (30) days after Notice of Entry of this judgment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have judgment against defendant CIA Curtis International Associates of Boston, Inc., that defendant shall furnish to plaintiffs complete and accurate remittance reports of engagements performed by musicians employed by defendant since October 1, 2004, within thirty (30) days after Notice of Entry of this judgment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have judgment against defendant CIA Curtis International Associates of Boston, Inc., in an amount to be determined as unpaid employee benefit contributions due plaintiffs, including for the period June 1, 2005 through May

31, 2006, together with interest on the unpaid contributions, as provided in §502(g)(2)(B) of ERISA, 29 U.S.C. §1132(g)(2)(B), plus liquidated damages in a sum equal to the greater of the interest on the delinquent contributions or twenty (20%) percent of the unpaid contributions, as provided in §502(g)(2)(C) of ERISA, plus the costs and disbursements of the action and reasonable attorneys' fees, as provided in §502(g)(2)(D) of ERISA; and it is further

**ORDERED**, **ADJUDGED AND DECREED**, that plaintiffs American Federation of Musicians and Employers' Pension Fund and Board of Trustees of the American Federation of Musicians and Employers' Pension Fund have expressly reserved the right to recover from defendant CIA Curtis International Associates of Boston, Inc., the amount of any additional benefit contribution deficiencies, with interest and liquidated damages thereon, determined by the audit of defendant's books and records provided for herein.

Dated:  New York, New York
        March    , 2008

_____
U.S.D.J.

-3-

93090